EMPIRE STATE CAMERA EXCHANGE, INC., Plaintiff, *v.* ROBERT REYNOLDS, Individually and Doing Business under the Name of REYNOLDS PHOTO SHOP, Defendant.

Supreme Court, Special Term, New York County, February 17, 1949.

*Malcolm L. Fleischer* and *Leo Greenfield* for plaintiff.

*Abraham Maranov* for defendant.

WALTER, J. Plaintiff sells at retail in a store in the Empire State Building at No. 5 West 33rd Street, photographic equipment and supplies and similar articles which, or the labels of which, bear the trade-mark, brand or name of the manufacturer thereof, and which are in fair and open competition with commodities of the same general class manufactured by others. The manufacturers of these articles have established so-called fair trade agreements which fix the prices at which such articles are to be retailed.

Defendant sells at retail in a store at No. 251 East 34th Street photographic equipment and supplies and similar articles, some of which are manufactured by the manufacturers who manufacture the articles sold by plaintiff.

Plaintiff claims that in the past few months defendant has been and is now, willfully and knowingly, advertising, offering for sale and selling such articles at less than the prices stipulated in the so-called fair trade agreements as established by the manufacturers, and it brings this action to enjoin defendant from continuing such price-cutting.

Such agreements are specifically authorized, and the statute specifically enacts that such price-cutting is unfair competition and actionable at the suit of any person damaged thereby (General Business Law, §§ 369-a–369-e).

I think it obvious that plaintiff, a dealer bound by fair trade agreements and subjected to competition by defendant,

is a person damaged so as to give it a right to maintain the suit, and the evidence abundantly establishes that defendant has been and is, willfully and knowingly, advertising, offering for sale and selling some of such articles at less than the prices so stipulated in the contracts.

The one question in the case, therefore, is whether defendant's sales fall within the provision in paragraph (b) of subdivision 2 of section 369-a of the General Business Law that such commodities may be resold without reference to such agreement when the goods " are damaged or deteriorated in quality, and notice is given to the public thereof."

Defendant's claim in that regard is that at least some of the articles (principally cameras) which he sold at a discount were so sold because they were " store demonstrators " and were so designated on the sales slip given to the buyer at the time of the sale, and, in some instances, had been, in fact, rented out.

I entertain no doubt that even under such fair trade agreements a retailer bound thereby may and should advise his customer of any actual damage or deterioration in any particular article which is the subject of the sale, and that he may sell below the list price any particular article which is, in fact, damaged or deteriorated, provided he makes known to the customer the fact of the damage or deterioration and the fact that he is selling below the list price because of such damage or deterioration, and provided that the discount below the list price is fairly proportioned to the nature and extent of the damage or deterioration.

The trouble with defendant's case is that the evidence convinces me that that is not what defendant did. He offered discounts freely on any camera, and then, when he became suspicious that he was " being shopped " by some fair trade detective, he adopted the " store demonstrator " idea as a device to cover himself.

The notion that any and every camera becomes a " store demonstrator " and salable at less than list price merely because it has been taken out of its original package and placed in a show case or show window and handled by prospective customers who did not buy it, is wholly untenable and nothing more than a ruse to defeat the law. Exhibiting the camera in the show case or show window, and even the handling of it by prospective customers, may or may not damage or deteriorate it. If and when a particular article becomes actually damaged or deteriorated, it may, I repeat, be sold at less than list price, provided the fact of the damage or deterioration and the fact

that it is being sold below list price because of such damage or deterioration are made known to the customer, and provided the discount below list price is fairly proportioned to the nature and extent of the damage or deterioration. But unless the article in fact has become damaged or deteriorated, the mere fact that it is out of its original package and in a show case or show window and has been handled by prospective customers cannot be made the excuse for price-cutting.

I find that in this case the fiction of "store demonstrators" has been resorted to as just such an excuse, and I accordingly conclude that plaintiff is entitled to judgment enjoining defendant as prayed for in the complaint, with costs, and I direct the entry of judgment accordingly.

The foregoing constitutes the decision required by the Civil Practice Act, and judgment is to be entered thereon.